Roberta PARKHURST, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

Washington Metropolitan Area Transit Authority, Intervenor.

No. 97–AA–653.

District of Columbia Court of Appeals.

Argued March 12, 1998.
Decided April 16, 1998.

---

Michael V. Kowalski, Washington, DC, for petitioner.

Robert C. Baker, Jr. for intervenor.

Jo Anne Robinson, Interim Corporation Counsel at the time, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before STEADMAN and FARRELL, Associate Judges, and PRYOR, Senior Judge.

FARRELL, Associate Judge:

Petitioner sought workers' compensation benefits for an emotional disability stemming partly, but not wholly, from alleged sexual harassment in the course of her employment. A Department of Employment Services (DOES) hearing examiner denied the claim, finding that petitioner's employment was not principally localized in the District of Columbia, and that DOES thus lacked jurisdiction to consider her claim. *See* D.C.Code § 36–303(a) (1997). On appeal, the Director of DOES affirmed the denial of coverage but on a different ground. Without reaching the principally localized issue, the Director concluded that, in light of this court's decision in *Estate of Underwood v. National Credit Union Admin.*, 665 A.2d 621 (D.C.1995), peti-tioner could not recover under the District of Columbia Workers' Compensation Act (WCA or the Act) because her claimed disability "was to a significant degree allegedly caused by sexual harassment." In the Director's view, *Underwood* removed from the reach of the Act any claim for compensation stemming in "significant" part from alleged sexual harassment.

We reverse and remand to the Director for further consideration. Contrary to her reading of the decision, *Underwood* does not foreclose coverage under the Act for disabling injuries attributable in part—as petitioner's are claimed to be—to job-related conditions independent of sexual harassment. *Underwood* expressly left that issue open. It is the Director's task, in the first instance, to decide whether or on what conditions a disability stemming from mixed causes of the kind asserted here is compensable under the Act. We hold only that the Director must do so unconstrained by the view that *Underwood* decided the issue.

### I.

Petitioner began working for the employer, Washington Metropolitan Area Transit Authority (WMATA), in 1975. She first worked as a police officer on patrol duty and later was assigned to administrative duties. In 1978 she was transferred to WMATA's Internal Affairs division to conduct background investigations of prospective officers. In 1988 she was absorbed into the Criminal Investigations Department (CID) where she investigated criminal incidents including actual and attempted suicides. Still later, she transferred to the Revenue Protection division in Virginia, where she was required to accompany civilian revenue attendants on emergencies. In September 1991 she contracted bronchitis and was hospitalized. Before she was cleared to return to work, however, she underwent psychological treatment for feelings of depression and extreme anxiety. At the time of the DOES hearing, she had not returned to work and was seeing a psychiatrist on a weekly basis.

As part of her training, petitioner was required to view an autopsy. Also, as indicated, while a member of CID she assisted

D.C. Metropolitan police in investigating suicides and viewed the aftermath of two such suicides, successful or attempted. She presented medical testimony that the stress resulting from these work experiences had contributed to her disability which was characterized by major depression, post-traumatic stress disorder, alcohol abuse, and hysterical traits.

Petitioner further asserted that she had been subjected to a pattern of sexual harassment at WMATA. This included sexual innuendo, repeated vulgarities, and several instances in which she claimed to have been propositioned sexually by a superior.[1] Her treating psychiatrist testified that this harassment, together with the mental distress from suicide investigation and the autopsy experience, as well as an abusive and neglectful childhood background, resulted in petitioner's disability. By contrast, the employer's medical expert concluded that petitioner's present condition was unrelated to her employment as a transit police officer, stemming instead from causes such as pre-existing mental problems and alcoholism.

These factual and causational issues were not resolved by the hearing examiner because of her jurisdictional finding that petitioner's work had not been principally localized in the District. The Director pretermitted all of these issues because she read our decision in *Underwood* as barring a claim under the Act for a disability that stemmed "to a significant degree" from alleged sexual harassment.

## II.

We think the Director misinterpreted *Underwood.* That case involved a law suit by an employee against her employer and its Board of Directors alleging sexual harassment under the District of Columbia Human Rights Act and common law infliction of emotional distress. The question in *Underwood* relevant to this case was whether the WCA provided the exclusive remedy for the employee's emotional distress claim; more particularly, whether DOES had "primary jurisdiction" to decide whether the WCA covered

her emotional injury, since the alleged wrongful conduct—by an officer of the employer—took place during the work relationship and had resulted in a disability. *See* 665 A.2d at 624–25, 630.

We held that the primary jurisdiction doctrine did not apply. Specifically, we concluded that "as a matter of law" sexual harassment "is not a risk involved in or incidental to employment"—indeed, it is "altogether unrelated to any work task" and "is facilitated on the job only through the happenstance of two persons' physical proximity at the same place of employment." *Id.* at 634 (citation and internal quotation marks omitted). Thus, since Underwood's claim for emotional distress was "premised on the same events that underl[ay] her Human Rights Act claim for sexual harassment," her alleged injuries did not "arise out of" the employment and so fell "outside the WCA definition of disabling injuries," leaving her free to pursue the common law claim in court. *Id.* at 630, 635.

*Underwood,* in sum, rejected any role for DOES with respect to disabling emotional injuries attributable entirely to sexual harassment. Of key importance to this case, however, is that *Underwood* did not decide whether DOES would have jurisdiction over such claims of injury "grounded only in part on sexual harassment." *Id.* at 633 n. 18. We expressly left open the issue of WCA coverage where "the sexual harassment [is] but a part—albeit a significant part—of the [claim of employment-originated injury]." *Id.* This notwithstanding, the Director in the case before us read *Underwood* to mean that injuries caused "to any significant degree" by sexual harassment are not covered by the WCA. Our express reservation of the "mixed cause" issue makes that reading untenable.

Petitioner argues a much broader proposition from *Underwood.* She asserts that by leaving open the case where mixed causes—sexual harassment combined with work-related conditions or events—have produced a disability, we implied that DOES must assert coverage over such a claim *including* its

---

1. Because the hearing examiner rejected the compensation claim on jurisdictional grounds, she did not find whether or not any of this alleged conduct had taken place.

sexual harassment components. *Underwood*, however, did not decide that issue either. If anything, it furnished support for a contrary conclusion by DOES that claims of sexual harassment are outside the agency's competence to evaluate. As explained earlier, the court held that such harassment "is altogether unrelated to any work task." 665 A.2d at 634. Moreover, after asking whether DOES "has some special expertise" in evaluating emotional injury of that origin, we implied that the answer was clearly "no":

> DOES expertise in reviewing workers compensation claims typically pertains to evaluating the usual impairments that lead to total or partial, permanent or temporary, physical disabilities based on medical testimony; for example, back pain, loss of an arm, a collapsing knee. To be sure, disabilities attributable to emotional causes theoretically come within DOES's purview,[2] but this is the rare case from the usual work environment. When it comes to the consequences of emotional distress from sexual harassment, the Office of Human Rights ... is arguably the greater expert.

*Id.* at 637 (footnote added; internal citations omitted).

Nothing in *Underwood*, in short, compels the Director to assert jurisdiction over *all* aspects of a disability claim including sexual harassment. The case at least implies, to the contrary, that the Director may properly disregard allegations of sexual harassment as entailing legal-factual determinations outside the competence of DOES hearing examiners. Nonetheless, we do not decide that question because the Director never got that far. She read *Underwood* erroneously—and in this petitioner is correct—as barring consideration of a disability claim entirely if it is based "to any significant degree" on sexual harassment, even though job-related conditions have contributed to the disability.

We thus decide no more than that the Director incorrectly short-circuited her inqui-

ry in reliance on *Underwood.* Intervenor argues that, putting that case aside, the Director still may fairly construe the WCA as precluding mixed disability claims (those based partly on alleged sexual harassment) unless actual job-related causes are "predominant" in the claim. In other words, the Director need not unbundle a claim and consider its permissible aspects while disregarding the sexual harassment components if the latter (even crediting them) are found to predominate as the basis for the disability. We do not consider this or any other possible standard for determining when mixed claims (whether unbundled or not) fall within the Act. We note, however, that intervenor's test of "predominant" causation may be difficult to reconcile with the settled principle that if a "disability arose *even in part out of* and in the course of [the] employment, compensation is appropriate." *Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 660 (D.C.1987) (emphasis added; citation and internal quotation marks omitted). Further, DOES must harmonize consideration of petitioner's claim with its treatment of an apparent mixed claim in *Charles P. Young Co., supra* note 2.

In a matter such as this where the statute does not speak directly to the issue, *see Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984), DOES must decide in the first instance whether petitioner's disability (if proven) is compensable despite being grounded partly in sexual harassment. We hold only that the Director must consider the matter afresh, unconstrained by an improper reading of *Underwood.*[3]

*Reversed and remanded.*

---

**2.** "Emotional injuries resulting from job stress are, under certain circumstances, compensable 'accidental injuries' under the statute." *Sturgis v. District of Columbia Dep't of Employment Servs.*, 629 A.2d 547, 551 (D.C.1993). *See also*

*Charles P. Young Co. v. District of Columbia Dep't of Employment Servs.*, 681 A.2d 451, 457–58 (D.C.1996).

**3.** Of course, given the relative complexity of the issue, the Director may choose first to review the

---

hearing examiner's jurisdictional conclusion that petitioner's employment was not principally localized in the District of Columbia.

